907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David W. BRAZEE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1799.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant David W. Brazee appeals the summary judgment granted by the district court upholding the Secretary of Health and Human Services' denial of his application for disability insurance benefits. For the reasons that follow, we affirm.
 
 I.
 
 2
 Brazee applied for benefits on August 3, 1987, alleging that he had become disabled in December 1986 by a "heart condition" and fatigue. The Social Security Administration denied his application initially and upon reconsideration. Brazee then sought a hearing before an administrative law judge, which was held on February 24, 1988.
 
 
 3
 On May 11, 1988, the ALJ issued a decision in which he concluded that Brazee was not disabled because, while he could not return to his heavy, skilled work, he was capable of engaging in the entire range of medium, unskilled work. The ALJ also found that Brazee's subjective complaints of disabling fatigue were exaggerated. After the Appeals Council upheld the ALJ's decision, Brazee filed this action for judicial review.
 
 
 4
 On March 9, 1989, the magistrate recommended that the district court find that the Secretary's denial of Brazee's application was supported by substantial evidence. On June 14, 1989, the district court adopted the magistrate's recommendations and granted summary judgment in favor of the Secretary.
 
 
 5
 Brazee was fifty-nine years old at his hearing and has an eleventh-grade education. He worked as a diesel mechanic from June 1959 until he retired in December 1986. He underwent back surgery in 1968 or 1969. There is no indication that the surgery was not completely successful, and he returned to his heavy, skilled work as a mechanic for the next sixteen years thereafter.
 
 
 6
 In January 1981, Brazee had an aortic valve inserted in open-heart surgery. The operation was successful, he recovered fully, and he began taking the anti-coagulant drugs that he would require for the rest of his life. Brazee returned to his heavy, skilled work as a mechanic in June 1981, and continued in it until he retired in 1986.
 
 
 7
 Brazee was hospitalized in August of 1986 when his physicians discovered that he had developed aortic regurgitation, a condition in which blood flows back into the aorta from the ventricle when the heart pumps. In September 1987, Brazee again underwent open-heart surgery and had his aortic valve repaired. The operation was a success and Brazee did not experience any complications. An echocardiogram performed on September 18, 1987, showed that Brazee had mildly decreased systolic function, but his valve was working normally and his left ventricle was normal in size. On September 21, 1987, Brazee told his surgeon, Dr. S. Bolling, that he felt fine and desired to go home. Brazee was discharged from the hospital on September 23, 1987.
 
 
 8
 Dr. Bolling examined Brazee on October 13, 1987. Brazee reported that he felt fine since his operation, and he had been able to rake leaves in his yard and drive his car without incident. After an examination revealed no problems, Dr. Bolling discharged Brazee from the followup clinic.
 
 
 9
 In January 1988, Brazee's personal physician, Dr. Platon, wrote to Brazee's attorney and stated that Brazee could not lift more than twenty pounds. However, when Brazee's attorney requested the objective medical evidence supporting the twenty-pound limitation, Dr. Platon replied that he did not perform any such tests but based his opinion on his interviews with Brazee and Brazee's "clinical status."
 
 
 10
 Brazee repeatedly points to several physicians' reports written in August and September 1987 regarding his valve repair operation to establish that he was disabled by fatigue in December 1986. Yet he never explains how these reports relate back to December 1986. Moreover, he never explains why the ALJ should have been persuaded by the preoperative reports, but then should have ignored the postoperative reports in which Brazee told his doctors that he felt fine and was raking leaves just a few weeks after his surgery. Additionally, Brazee never offered the Secretary any proof that his fatigue existed for more than twelve months or could be expected to exist for that length of time. We also find it significant that Dr. Platon himself noted that his opinion that Brazee could lift no more than twenty pounds was not based upon any objective tests, thereby limiting the applicability of his report to these proceedings.
 
 
 11
 Our review of the record in this case, the briefs, and oral argument leads us to agree with the district court that the Secretary had substantial evidence to support his conclusions that Brazee failed to establish the existence of disabling fatigue through any objective evidence, and he failed to establish that his fatigue could reasonably be expected to be disabling. Similarly, there is substantial evidence in this case that supports the Secretary's determination that Brazee retained the functional capacity to engage in medium, unskilled work. Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.